IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAKIM HANDY, | No. 4:21-CV-1009 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION**

**NOVEMBER 8, 2021**

Petitioner Hakim Handy ("Petitioner" or "Handy"), a federal prisoner incarcerated at the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition pursuant to 28 U.S.C. § 2241 on June 7, 2021.[1] A response was filed on August 18, 2021.[2] Although Petitioner was provided an opportunity to file a traverse, none was filed. The petition is now ripe for disposition. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    BACKGROUND**

The background of Petitioner's case is extracted from this Court's May 6, 2021 Memorandum Opinion denying Petitioner's § 2255 motion, and is as follows:

---

[1] Doc. 1.
[2] Doc. 6.

In 2017, Hakim Handy was indicted for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, two counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  A superseding indictment was later filed that contained the same charges.

The Government filed a notice, in accordance with 21 U.S.C. § 851, that it intended to seek enhanced criminal penalties pursuant to 21 U.S.C. § 841(b)(1)(A) based upon Handy's prior convictions—specifically, three convictions for violating Pennsylvania's controlled substance laws, 35 Pa. Stat. Ann. § 780-113(a)(30) (West 2014).  This notice had the effect of potentially increasing both the minimum and maximum statutory penalties for the charged offenses.

During jury selection for Handy's criminal trial, Handy entered into a written plea agreement with the Government.  Handy agreed to plead guilty to conspiracy to distribute a controlled substance, and the Government agreed to dismiss the four remaining counts contained in the superseding indictment.  The plea agreement noted that Handy's crime of conviction carried a mandatory minimum term of ten years' imprisonment, with a maximum penalty of life imprisonment.

The Court ultimately accepted the guilty plea, and a Presentence Report (PSR) was prepared.  The PSR determined that, during the conspiracy, Handy was responsible for the marijuana equivalency of 472.04 kilograms and, thus, calculated a base offense level of 26. However, the PSR recommended that, based upon his prior convictions, Handy be classified as a career offender, which increased the offense level to 37; this, along with a two-level reduction for acceptance of responsibility, resulted in a total offense level of 35.  The career offender recommendation was driven by Handy's prior Pennsylvania state court convictions for delivery of cocaine, possession with the intent to deliver cocaine, and delivery of cocaine base.  The PSR also detailed Handy's lengthy criminal history, which began when Handy was a juvenile and included serious offenses such as the three aforementioned crimes, two convictions for aggravated assault, fleeing from police and recklessly endangering another person, possession of cocaine, receiving stolen

property, and providing false identification to law enforcement. These offenses resulted in twenty criminal history points and a criminal history category VI. The PSR thus calculated an advisory Sentencing Guidelines range of 292 to 365 months' imprisonment.

Handy's attorney initially objected to several portions of the PSR, most notably, the recommendation that Handy was a career offender and the PSR's failure to deduct a third offense level for acceptance of responsibility. Counsel also asserted that a downward departure was warranted based upon Handy's "exceptional lack of support and guidance as a youth, coupled with his early drug use."

At sentencing, the Court sustained the objection to Handy's offense level and granted an additional one level reduction for acceptance of responsibility. However, Handy's counsel withdrew his objection to the application of the career offender enhancement. After that objection was withdrawn, Handy was asked whether there were any other issues that the Court needed to rule upon before calculating the Sentencing Guidelines range, and Handy replied that there were none. The Court therefore calculated an advisory Sentencing Guidelines range of 262 to 327 months' imprisonment.

Although he withdrew the objection to the career offender enhancement, Handy's attorney argued that a below-Guideline's sentence was appropriate based in part on Handy's difficult childhood. Following Handy's allocution, the Court imposed a sentence of 300 months' imprisonment based primarily on the seriousness of the offense and Handy's lengthy criminal history.

Handy thereafter filed an appeal with the United States Court of Appeals for the Third Circuit in which he "contest[ed] the District Court's application of the career offender designation and its imposition of a sentence above the low end of the advisory Guidelines range." The Third Circuit determined that the sentence
imposed "was neither procedurally nor substantively unreasonable" as Handy qualified as a career offender, and because the relevant sentencing factors adequately supported the sentence imposed.

In 2020, Handy filed this timely 28 U.S.C. § 2255 motion challenging the sentence imposed. Handy contends that this Court violated his Fifth

3

and Fourteenth Amendment rights by applying the career offender enhancement even though his prior state court convictions do not qualify as predicate offenses sufficient to support that enhancement. Handy also argues that he received ineffective assistance of counsel because counsel (1) failed to maintain an objection to the application of the career offender enhancement, (2) informed Handy that his Sentencing Guidelines range would be as low as 84 to 105 months' imprisonment and failed to mention the possibility of a career offender enhancement, and (3) failed to request a postponement of the sentencing hearing due to the death of Handy's mother, and failed to seek a mental health evaluation for Handy.

The Government has responded to Handy's § 2255 motion and asserts that Handy may not collaterally attack the application of the career offender enhancement because this issue was raised, and rejected, in his direct appeal and, in any event, the career offender enhancement was properly applied. The Government further argues that Handy has presented no facts that would support his claim that counsel performed deficiently by failing to request a continuance of the sentencing hearing.[3]

By Memorandum Opinion dated May 6, 2021, the Court denied Handy's § 2255 motion, finding that Petitioner was barred from relitigating the issue regarding the application of the career offender enhancement, as it had been previously raised and rejected by the Third Circuit on direct appeal and, if not barred, was not cognizable in a § 2255 motion because it is not a fundamental defect that inherently results in a complete miscarriage of justice.[4] Additionally, the Court found Petitioner's counsel claims meritless.[5] By Order dated August 24,

---

[3]  *See United States v. Handy*, 4:17-CR-0310-MWB, Doc. 93 at 1-6 (internal footnotes omitted).
[4]  *Id.* at 7.
[5]  *Id.* at 8-16.

4

2021, the Court denied Petitioner's motion for reconsideration.[6]

In the instant petition, Handy seeks relief on the same issues raised before this Court in his § 2255 motion.[7] Specifically, Handy raises ineffective assistance of counsel claims as well as a violation of his Fifth and Fourteenth Amendment rights by applying the career offender enhancement, arguing that his prior state court convictions do not qualify as predicate offenses sufficient to support that enhancement.[8]

## II.   DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[9] A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[10] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[11] This language in § 2255, known as the safety-valve clause, must be strictly

---

6   *See United States v. Handy*, 4:17-CR-0310-MWB, Doc. 96.
7   Doc. 1.
8   *Id*.
9   *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
10  *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
11  28 U.S.C. § 2255(e).

construed.[12] Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[13] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[14]

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[15]

Handy has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Therefore, he can only bring a challenge under § 2241 if it

---

[12] *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").
[13] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).
[14] *Id.* at 539.
[15] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. Handy has failed to meet this burden. He has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Because Handy fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective to challenge the legality of his detention, the § 2241 petition will be dismissed for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. The dismissal is without prejudice to Handy's right to seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge